# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| KEDDRICK BROWN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PROGRESSIVE MOUNTAIN INSURANCE COMPANY,<br><br>Defendant.<br><br>―――――――――<br><br>MICHELLE BOST, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PROGRESSIVE PREMIER INSURANCE COMPANY OF ILLINOIS,<br><br>Defendants. | Consolidated Case No.:<br>3:21-cv-00175-TCB |

**[PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

This matter is before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion"). The Motion attaches

1

and incorporates (a) a Class Action Settlement Agreement ("Settlement") setting forth the terms and conditions for the settlement of claims against Defendants Progressive Mountain Insurance Company and Progressive Premier Insurance Company of Illinois, Progressive Max Insurance Company, and Progressive Casualty Insurance Company ("Progressive" or "Defendants") (together, the "Parties"); (b) the Declaration of Hank Bates ("Bates Declaration") and exhibits setting forth the proposed Notice Program and Plan of Allocation for the Distributable Settlement Amount to Settlement Class Members; and (c) the Declaration of Cameron Azizi describing the Settlement Administrator's duties and the manner by which it will execute the Notice Plan.

After considering the Motion and the Settlement, and all of the files, records, and proceedings herein, and the Court having determined (1) that it likely will be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2); (2) that it likely will be able to certify a class for purposes of judgment on the Settlement under Rules 23(a) and (b)(3); (3) that the proposed plan of notice to the Settlement Classes comports with due process and is reasonably calculated to apprise Settlement Class Members of the nature of the action, the scope of the Settlement Classes, the terms of the Settlement Agreement, the rights of the Settlement Class Members to object and to opt out, and the Final Fairness Hearing; and (4) that a hearing will be held after notice to the Settlement Classes to confirm

that the Settlement is fair, reasonable, and adequate, and to determine whether this Court should enter a Judgment approving the Settlement and an order of dismissal of this action based upon the Settlement, **NOW, THEREFORE, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS**:

1. Unless otherwise defined herein, capitalized terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement.

2. The Court has jurisdiction over this action's subject matter and has personal jurisdiction over the Parties and the Settlement Class members defined and described below.

## Preliminary Approval of Proposed Settlement

3. To preliminarily approve a proposed class action settlement agreement, a district court must be satisfied that it "will likely be able to" finally approve the settlement under Rule 23(e)(2) and certify the class for settlement purposes. Fed. R. Civ. P. 23(e); *see also id*. 2018 Amendment Advisory Committee Notes; *see also Agnone v. Camden Cty.*, 2018 U.S. Dist. LEXIS 175522, at *22 (S.D. Ga. Oct. 10, 2018) ("Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason."). After careful review, the Court finds that, subject to the Final Fairness Hearing and any objections lodged by Settlement Class Members, the Court will likely be able to approve the Settlement

3

as fair, reasonable, adequate, and in the best interests of the Settlement Class. The Court further finds that the Settlement substantially fulfills the purposes and objectives of the class action and provides beneficial relief to the Settlement Classes, considering the risks and delay of continued litigation and all other relevant factors. The Court finds the Settlement Agreement (a) is the result of arm's-length negotiations involving experienced counsel, with the assistance of neutral mediators; (b) is sufficient to warrant notice of the Settlement and the Final Fairness Hearing to the Settlement Classes; and (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715.

## Preliminary Certification of Settlement Classes

4. Under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and in accord with the Settlement Agreement and solely for purposes of judgment on the proposed Settlement, the Court preliminarily approves the following Settlement Classes:

> **Progressive Mountain Class**: All persons who made a first-party claim on a policy of insurance issued by Progressive Mountain Insurance Company to a Georgia resident where the claim was submitted from October 11, 2015, through the date of Preliminary Approval, and Progressive determined that the vehicle was a total loss and based its claim payment on an Instant Report from Mitchell where a Projected Sold Adjustment was applied to at least one comparable vehicle.

**Progressive Premier Class**: All persons who made a first-party claim on a policy of insurance issued by Progressive Premier Insurance Company of Illinois to a Georgia resident where the claim was submitted from June 8, 2016, through the date of Preliminary Approval, and Progressive determined that the vehicle was a total loss and based its claim payment on an Instant Report from Mitchell where a Projected Sold Adjustment was applied to at least one comparable vehicle.

5. Excluded from the Settlement Classes are (1) any judge presiding over this Action and members of their families; and (2) Defendants, their subsidiaries, parent companies, successors, predecessors, and any entity in which any Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees.

6. All persons who are members of the Settlement Classes are referred to collectively as "Settlement Class Members" or individually as a "Settlement Class Member."

7. This Court previously found that class treatment is appropriate for this Action. ECF No. 109. In amending Rule 23 in 2018, "the Advisory Committee made clear that if 'the court has already certified a class, the only information ordinarily necessary is whether the proposed settlement calls for any change in the class certified, or of the claims, defenses, or issues regarding which certification was granted.'" *Cook v. Gov't Emples. Ins. Co.*, 2020 U.S. Dist. LEXIS 111956 at *9 (M.D. Fla. Jun. 22, 2020) (quoting Fed. R. Civ. P. 23(e)(1)(B), Committee Notes on Rules—2018 Amendment). The only material change between the Classes already

certified by the Court and the proposed Settlement Classes is that the proposed Settlement Classes extends the class period up through the date on which this Order is entered. For the reasons previously articulated in this Court's Class Certification Order, the Court preliminarily finds the Settlement Classes satisfy the requirements of Federal Rule of Civil Procedure 23(a); the Settlement Classes are comprised of tens of thousands of individuals; there are questions of law or fact common to the Settlement Classes (e.g., whether Progressive's application of PSAs resulted in paying class members less than the ACV of their totaled vehicles); the Class Representatives' claims are typical of those of Settlement Class Members; and the Class Representatives and Class Counsel will fairly and adequately protect the interests of the Settlement Classes. In addition, the Court preliminarily finds the Settlement Classes satisfy the requirements of Federal Rule of Civil Procedure 23(b)(3) for the same reasons previously articulated in this Court's Class Certification Order (ECF No. 109): Common questions of law and fact predominate over individualized issues, and class-wide adjudication is superior to other available methods of fairly and efficiently adjudicating the controversy. Additionally, the Court finds that that each of the Settlement Classes is ascertainable.

8. Under Federal Rule of Civil Procedure 23, and for the same reasons previously articulated in this Court's Class Certification Order (ECF No. 109), and for purposes of effectuating the Settlement, Plaintiffs Keddrick Brown and Michelle

Bost are appointed Settlement Class Representatives for the Settlement Classes and the following counsel are hereby appointed as Class Counsel for the Settlement Classes: Carney Bates & Pulliam, PLLC, Jacobson Phillips PLLC, Normand PLLC, Edelsberg Law, P.A., Shamis & Gentile, Bailey Glasser LLP, Irby Law LLC, and Lober & Dobson.

9. The Court finds that the above attorneys are competent and capable of exercising the responsibilities of Class Counsel, and that Plaintiffs and Class Counsel will adequately protect the interests of the Settlement Classes within the meaning of Fed. R. Civ. P. 23(a)(4) and (g).

## Notice and Administration

10. The Court approves Epiq Class Action and Claims Solutions, Inc. ("Epiq") as the Settlement Administrator and directs Epiq to perform the functions and duties of the Settlement Administrator set forth in the Settlement and the Bates Declaration—including providing notice to the Settlement Classes and effectuating the Notice Plan—and to provide such other administration services as are reasonably necessary to facilitate the completion of the Settlement.

11. The Court has carefully considered the forms and methods of notice to the Settlement Classes as set forth in the Settlement and the Bates Declaration. The Court finds the Notice Program satisfies the requirements of due process and complies with Rule 23 of the Federal Rules of Civil Procedure. Namely, the Notice

Program is reasonably calculated to apprise Settlement Class Members of the nature of this Action, the scope of the Settlement Classes, the terms of the Settlement Agreement, the rights of Settlement Class Members to object to or opt out of the Settlement and the process for doing so, and the date, time, and location of Final Fairness Hearing. The Court therefore approves the Notice Program and directs the Parties and the Settlement Administrator to proceed with providing notice to Settlement Class Members pursuant to the terms of the Settlement Agreement and this Order.

12. The Court hereby approves the Notice Program and the form, content, and requirements of the Email Notice (attached to the Bates Declaration as Exhibit 2), the Mail Notice (attached to the Bates Declaration as Exhibit 3), the Long-Form Notice (attached to the Bates Declaration as Exhibit 4), and the Opt-Out Form (attached to the Bates Declaration as Exhibit 5) to be provided on the Settlement Website.[1]

13. The Settlement Administrator shall cause the Notice Program to be executed within thirty (30) calendar days following the entry of this Order (the "Notice Date"). Class Counsel, prior to the Final Fairness Hearing, shall file with the Court a declaration executed by the Settlement Administrator attesting to the

---

[1] The Parties, by agreement, may revise the Class Notices in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting, consistent with this Order.

timely completion of the Notice Program. The Settlement Administrator shall maintain the Settlement Website to provide full information about the Settlement.

### **Requests for Exclusion, Objections, and Appearances**

14. Any Settlement Class Member who wishes to request to be excluded from the Settlement must send a written "Request for Exclusion" to the Settlement Administrator at the following address: *Brown v. Progressive* Settlement Administrator, P.O. Box 4178, Portland, OR 97208-4178. To be valid, the Request for Exclusion must be postmarked on or before thirty (30) days after the Notice Date; must include the name and number of the case; must state the Settlement Class Member's desire to be excluded from the Settlement Class, and include the Settlement Class Member's name, current address, telephone number, and the Settlement Class Member's signature.

15. Settlement Class Members who timely request exclusion from the Settlement will relinquish their rights to benefits under the Settlement and will not release any claims against Defendants.

16. If a Request for Exclusion is not postmarked on or before thirty (30) days after the Notice Date, it will be invalid and the Settlement Class Member will be included as a member of the Settlement Classes and be bound by the terms of the Settlement and the Final Approval order and Final Judgment even if they have

9

previously initiated or subsequently initiate individual litigation or any other proceedings against Defendants.

17. The Settlement Administrator shall promptly provide all Parties with copies of any Request for Exclusion, and Plaintiffs and the Settlement Administrator shall file a list of all persons who have validly opted out of the Settlement with the Court prior to the Final Fairness Hearing.

18. Settlement Class Members have a right to object to approval of the proposed Settlement, to the award of attorneys' fees and litigation expenses, or to the service awards to the Class Representatives. Any Settlement Class Member who wishes to do so must file with the Court a written statement (along with any supporting papers), postmarked or filed on or before thirty (30) days after the Notice Date. To be valid, objections must contain materially the following information: (i) a caption or title that identifies it as "Objection to Class Settlement in Brown v. Progressive, Case No. 3:21-cv-00175-TCB, (ii) the objector's name, address, and telephone number; (iii) if applicable, the name and address of any person claiming to be legally entitled to object on behalf of a Settlement Class Member and the basis of such legal entitlement; (iv) all grounds for the objection, including any evidence, citations to legal authority, and legal argument; (v) the name and contact information of any attorneys representing, advising, or assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of

10

the objection (the "Objecting Attorneys"); and (vi) the objector's handwritten or electronically imaged written signature. If the objector wishes to appear at the Final Fairness Hearing, either personally or through counsel who files an appearance with the Court in accordance with the Local Rules, he or she must indicate his or her intention on the written objection letter. If an objection does not contain such information, is mailed to the incorrect address, or is untimely, the objection will be considered invalid and the objector will be deemed to have waived his or her objection.

19. If a Settlement Class Member or any of the Objecting Attorneys has objected to any class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption and amount of payment received. Any challenge to the Settlement Agreement or the Final Judgment shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

20. A Settlement Class Member who has timely filed a written objection stating the Settlement Class Member's intention to appear at the Final Fairness Hearing as set forth above may appear at the Final Fairness Hearing in person or through counsel to be heard orally regarding his or her objection. It is not necessary,

11

however, for a Settlement Class Member who has filed a timely objection to appear at the Final Fairness Hearing.

21. Any Settlement Class Member who does not make an objection to the Settlement in the manner provided herein shall be deemed to have waived and forfeited any and all rights he or she may have to object, appear, present witness testimony, and/or submit evidence; shall be barred from appearing, speaking, or introducing any testimony or evidence at the Final Fairness Hearing; shall be precluded from seeking review of the Settlement by appeal or other means; and shall be bound by all terms of the Settlement and by all proceedings, orders, and judgments in the Action.

## Final Fairness Hearing

22. The Final Fairness Hearing is hereby scheduled to be held before this Court on May 15, 2025 at 11:00 am the Richard B. Russell Federal Building & United States Courthouse, 2211 United States Courthouse, 75 Ted Turner Drive, SW for the following purposes:

> (a) to finally determine whether the applicable prerequisites for settlement class action treatment under Federal Rules of Civil Procedure 23(a) and (b)(3) are met;
>
> (b) to determine whether the Settlement is fair, reasonable, and adequate, and should be given final approval by the Court;

(c) to determine whether the judgment as provided under the Settlement Agreement should be entered;

(d) to consider the application for an award of attorneys' fees and litigation expenses of Class Counsel;

(e) to consider the application for service awards to the Settlement Class Representatives; and

(g) to rule upon such other matters as the Court may deem appropriate.

23. On the Notice Date and thirty (30) days prior to the deadline to request exclusion and/or object, Class Counsel shall file their motion for final approval and any application for attorneys' fees, litigation expenses and service awards to the Settlement Class Representatives. The Settlement Administrator is directed to post such fee petition to the Settlement Website. Furthermore, on or before 7 days before the Final Fairness Hearing, Class Counsel shall file any supplemental papers in support of final approval of the Settlement, including a response to any objections filed by Settlement Class Members, if any.

24. The Final Fairness Hearing may be postponed, adjourned, transferred, or continued by order of the Court without further notice to the Settlement Classes, except that any postponement, rescheduling, continuation, or transfer shall be posted to the Settlement Website. At, or following, the Final Fairness Hearing, the Court may enter a Final Approval order and Final Judgment in accordance with the

Settlement Agreement that will adjudicate the rights of all Settlement Class Members.

25. For clarity, the deadlines the Parties and members of the Settlement Classes shall adhere to are as follows:

## DEADLINES SUMMARY

| Event | Date |
| --- | --- |
| Deadline for Defendants to provide updated Settlement Class List to Epiq | 15 calendar days following entry of Preliminary Approval |
| Deadline for Settlement Website and IVR to go live | March 24, 2025 |
| Deadline to commence Notice Program ("Settlement Notice Date") | March 31, 2025 |
| Deadlines for motion for Final Approval and Application for attorneys' fees and expenses and service awards | March 31, 2025 |
| Deadline for opt outs and objections to be postmarked | April 30, 2025 |
| Deadline for any response to any timely and valid objections and any supplemental brief re: final approval | May 8, 2025 |
| Final Fairness Hearing | May 15, 2025 at 11:00 am |

26. Settlement Class Members do not need to appear at the Final Fairness Hearing or take any other action to indicate their approval.

## Further Matters

27. In order to protect its jurisdiction to consider the fairness of the Settlement and to enter a Final Approval order and Final Judgment having binding effect on all Settlement Class Members, the Court hereby enjoins all members of the Settlement Classes, and anyone who acts or purports to act on their behalf, from pursuing or

14

continuing to pursue all other proceedings in any state or federal court or any other proceeding that seeks to address Releasing Parties' or any Settlement Class Member's rights or claims relating to, or arising out of, any of the Released Claims.

29. The Settlement does not constitute an admission, concession, or indication by the Parties of the validity of any claims or defenses in the Action or of any liability, fault, or wrongdoing of any kind by Defendants, which vigorously deny all the claims and allegations raised in the Action.

30. In the event that the Settlement is terminated under the terms of the Settlement, or if for any reason whatsoever the approval of it does not become final and no longer subject to appeal, then: (i) the Settlement shall be null and void, including any provisions related to the award of attorneys' fees and costs, shall have no further force and effect with respect to any Party in this Action, and may not be referred to or used as evidence or for any other purpose whatsoever in the Action or any other action or proceeding; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or Party hereto, shall not be deemed or construed to be an admission by any Party of any act, matter, or proposition, and shall not be used in any manner of or for any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement shall not shield from subsequent discovery any factual information

provided in connection with the negotiation of this Settlement that would ordinarily be discoverable but for the attempted settlement; (iii) this Order shall be vacated and of no further force or effect whatsoever, as if it had never been entered; and (iv) any Party may elect to move the Court to implement the provisions of this paragraph, and none of the non-moving Parties (or their counsel) shall oppose any such motion.

31. The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Classes.

**IT IS SO ORDERED.**

DATED: _____, 2025
Newnan, Georgia

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　**TIMOTHY C. BATTEN**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**